Good morning. May it please the Court. My name is Jeff Erick and my co-counsel is Jeff Ayers. We represent the appellant, Northwest Airlines. I'd like to reserve two minutes if I could. Now, starting with the standing issue, there's no dispute here that the District Court erred when it determined that Northwest had no standing to continue participating in this case after the default had been ensured. We cited the Maryland Casualty Decision. Is that the rubric under which the District Court decided? I wasn't clear what it decided, but I don't know if standing was exactly it. It was a little confusing, Your Honor. The Court did not frame it exactly as a standing issue, but the Court did say that the default was binding on Northwest, and there's no dispute that the Court refused or disallowed Northwest's continued participation in this case. I didn't think there was an issue left. I mean, basically, they lose, so you have to lose. End of story. Right, right. I'm not saying that's how it is. That's the Court's position. And so standing is a term that gets used in lots of context, and I understand its potential applicability here, but basically the judge says not just default, but default judgment. If default judgment's effective, then there isn't much left. Your argument is that default judgment, given your ability to defend the same issues, default may be appropriate, but default judgment was inappropriate. Exactly, Your Honor. And the reason why this is a standing issue is because Northwest has an independent right to contest Westchester's claims that there's no coverage under the policy. So the Supreme Court in the Maryland casualty decision recognized an injured party's Article III standing in an insurance coverage action, and in the Third and Seventh Circuit decisions that we cited, the Federal Kemper decision and the Hawkeyes. It is a little hard to figure out what the district court was doing, but perhaps its concern was that the form of the default here was that the insured was just refusing to be deposed, and you're not going to be able to go forward either if the insured is refusing to be deposed, because the basic problem underlying it is that he wasn't cooperative with the insurance company either. So it's not exactly a coverage dispute in the fact that people are arguing about what's in the policy. It's a question of the fact that the insured, you have to know, if you don't have the insured cooperating, I don't know how you're going to litigate. Well, two points, Your Honor. Number one is one thing that wasn't fully elicited in the district court is that this policy was procured pursuant to a compulsory insurance law, and the rule is that when you have a compulsory insurance law, in this case a Clark County ordinance, notice and non-cooperation are not available to the insurance company as a defense to coverage. And this Court's decision in Royal Indemnity v. Olmstead, that's at 193 F. 2nd 451, recognized that principle and says the insurance company can't defeat that legislative pronouncement by pointing to the conduct of the very party that was required to comply with the statute. That's interesting and informative. And the second point on that is in this case the owner of this maintenance company wasn't even involved in the accident that's at issue here. So his cooperation really is irrelevant. There was a very comprehensive FAA investigation. Well, if timely notice were a defense, then he might not be able to speak to the underlying facts, but he would be able to speak to the failure to notify the insurance carrier, and the insurance carrier could come in and say, hey, we didn't know about this, we couldn't put together a defense, years passed, what are we supposed to do? So I hear what you're saying. He doesn't speak to the facts of the episode. He speaks only to the insurance coverage issue. Right, right. And our primary position, again, is that that defense simply is not available when we have a legislative right to coverage in this case. And number two, Northwest did provide a notice to the insurance company, and it's our position that that notice was Wasn't that more than a year later? It was around 20 months later, but it was within approximately four months of asserting a claim against the insured for the accident. Would 20 months be considered timely notice if that were the notice given by the insured? I mean, again, we're not at a judgment point here, but Northwest provided notice at some point, but it wasn't exactly the next day. Yeah. And our position is just that there are fact issues on the adequacy and timeliness of the notice and whether or not the insurance company was prejudiced as a result of that. There simply hasn't been that showing yet. But more importantly, these merits of the coverage issues have not been ruled on by the district court yet because we were denied the very threshold issue of whether or not we had standing to continue participating after the insured was gone. Conceding that Northwest had standing, Westchester's only argument was that the district court abused its discretion when it determined that Northwest's motion to intervene was an adequate substitute for its Rule 24C responsive pleading requirement. And the district court, in fact, did not abuse its discretion. Northwest's motion to intervene adequately put Westchester on notice. It was intending to argue that there was coverage under the policy. At some point, Northwest offered to file a formal complaint. When was that? Northwest supplemented its summary judgment motion asking to file an answer and intervention. And if you look at the answer, it simply denies Westchester's allegations. There's nothing in there that wasn't already in the motion to intervene. And that's exactly what the district court said. And that's why the district court denied that request as moot because the motion to intervene wasn't adequate, fulfilled the requirements of Rule 24C. And then this Court, in the Beckman decision that we said in our brief, held that that is an abusive discretion standard that the other side would have to overcome in this case, and they simply can't do that. And you don't need to use all your time. Thank you. May it please the Court. Erin Parkinson on behalf of Westchester Fire Insurance Company. My argument may not take a full ten minutes, but because I'm from the south, I speak a little bit slower, so it may take up some time. Oh, I'm from Virginia, so I'm used to it. Great. But it's a very short, distinct argument. Westchester filed a complaint for declaratory judgment. It was very limited in its scope. It talked about notice to Westchester and the insured's failure to cooperate. Those were the two issues that were raised. And then we cited under Nevada law, that's a conditioned precedent to coverage. You don't get to any other exclusions, terms of the policies, or anything else, if you can show under Nevada law that it's a conditioned precedent to coverage, and you don't have to show prejudice. The issue raised by my cohort about this compulsory insurance law that appears nowhere in the record, it's the first time I've heard of it this morning. I don't believe it was raised in any plea. Well, the district court didn't make a judgment with regard to the coverage defense itself. And so I understand you've got an argument in your brief that asks us to get there, but the district court didn't get there. You might better start by addressing what the district court did address. And let me get right to it. It seems to me you dealt certain cards. So the district court handed you a stack of cards, and those are the cards you have. But it strikes me it's difficult to defend the district court's judgment when you have to argue at the same time to do so. The district court abused its discretion by granting intervener status. Once Northwest is an intervener, isn't it the case they're entitled to present arguments? Your Honor, that's, in fact, the case. We're not challenging the intervention. We didn't file an argument. But you're trying to challenge their ability to make arguments by asserting that they didn't file a pleading. We are, in fact, challenging their ability to continue with this case because under the law they could either file a Rule 24C pleading, or in this case they chose not to. And I'll note for the court. The district court said it understood what their claim was, and it's not real hard for anybody. I suspect all of us understand what they're seeking. They're seeking to make the insurance company pay. Exactly, Your Honor. But they are limited. Because they didn't file a separate complaint or answer any pleading, they're limited by the scope of our declaratory judgment motion. Counsel, you did not appeal the district court ruling that they were allowed to intervene. Am I correct? Am I reading the record? You're correct. This is not an issue about intervention. So what basis can you argue that Northwest lacks standing? I'm not arguing they're lacking standing. I'm not arguing that they could have posed. Arguing they can intervene but got to put duct tape over their mouth because they didn't file a pleading. They can't say anything. I mean, that just doesn't make a lot of sense. I'm not arguing that either, Your Honor. What are you arguing? I'm arguing that they could have established a separate controversy in order to proceed. However, they didn't. Why did they have to have a separate controversy? They were essentially co-defendants on the same controversy. And the general law, as I understand it, is that when there are co-defendants, if one of them defaults, that doesn't default the other one. Your Honor, all the cases that they cited refer to places where they've either answered, filed a complaint, adopted a pleading of another party. What practical difference is there? If the district court is a court of intervener status, what practical difference is there if the district court thinks it knows, and I think I know, and I suspect you know, what it is they're seeking. They're seeking to get the insurance company to pay. So if we know that, why aren't they allowed to make that argument? Simply because they haven't filed a certain piece of paper. Well, Your Honor, they've made that argument. But because the defense or the issues that were raised within the coverage suit relate only to duty to cooperate, breach of cooperation, and failure to provide timely notice, that are obligations required by the insured, not by the third-party beneficiary status that they argued later. But why couldn't their defense be, well, maybe he's not going to tell you that he gave notice, but we are going to submit evidence that he gave notice. And we now know, actually, they think they have another, they have a legal defense. But leaving that aside, which they could have raised, but leaving the legal defense aside, I mean, they never got to open their mouths, and we don't know what they would have said. But, Your Honor, they did get to open their mouths. They engaged in discovery. They participated. But they were defaulted before they were able to put on any dispositive pleading. But, Your Honor, they cannot cure the defense. They cannot cure the obligations of the insured. There is, it's undisputed that he never provided notice of the suit in which they sought coverage or sought liability. They lose in the merits, but they're not defaulted. I'm sorry? And they lose on the merits. But how does that, why are they defaulted? Your Honor, that's what I'm saying, is that they can't cure it. And we were only, this was, this was. How do we know that? Well, because discovery was complete, Your Honor. I beg your pardon? Discovery was complete. All the deadlines had passed. That is not what the district court said. The district court said, I'm not even going to consider what's in the record or what the deposition said or anything else. He said, this other person, not you, is not showing up and isn't doing what he's supposed to do, and therefore, I don't care what you have to say. I don't think he said that. He said that based on the limitation of their claim relates only, it has to relate back to our motion for declaratory judgment. Right. And the only issues were the defenses of the insured. There's no, there's no possibility. We haven't gotten this morning an explanation of what they could have said if they had been allowed to talk, i.e., there is a legal defense. Well, actually, they didn't raise that legal defense. But they weren't given the opportunity to raise any merits defense. They were allowed to file a motion for summary judgment, which was denied because they couldn't raise anything outside the scope of the declaratory judgment action. And the only defense they raised in that motion for summary judgment was that they were a third-party beneficiary of the insurance policy. And I might mention also that the only thing they referenced in their motion, their intervention, other than saying we have a judgment under this policy, we should be able to make our arguments for coverage. Exact quote. Because that's why they had to intervene, because they had to make their arguments for coverage. The only time they made any arguments for coverage was in a motion for summary judgment, raising a third-party beneficiary argument. Clearly, that is outside the scope of our declaratory judgment action. You can't try a case by ambush. The court was correct in denying the motion, saying, sorry, without answering. And I might also note, what the court said is you had every opportunity to come in and make a state what your claim was. They intervened in March of 06. We filed an amended complaint in June of 06, merely to clear up there was some problems with the exhibits that were attached to our complaint. It was consistent with our original complaint. But even at that time, Northwest didn't choose to answer a complaint. And so they didn't file anything, and they relied on their motion for intervention. And all they said in that motion is that we want to intervene because the insured is not going to make our arguments for coverage. Well, that's fine. But then what are the arguments for coverage? There's no indication other than our declaratory judgment, which was merely a notice provision and a lack of notice as to a lawsuit where the insured was ultimately defaulted. There was no issue here about them intervening and whether they could establish their claim. The fact of the matter is they didn't. They didn't go outside the scope of the declaratory judgment complaint. And when they tried to, the judge rightfully said that this is a new issue. You can't raise issues, and the law is clear, in summary judgment. You can't make claims, you know, at summary judgment stage. And that's what the judge said. I mean, and the fact of the matter is there's no possibility. This case, all the deadlines have passed, all the dispositive motions have already been filed. All we're going to go back, if you remand it, which is all they're asking, is we'll get a hearing on our motion for summary judgment where it says it's undisputed that this insured never gave notice of this lawsuit, and it's undisputed that he never cooperated. And I don't think Northwest can dispute those two things. And under the law, therefore, there's no coverage under our policy. Well, if that's the case and a case goes back, you may win quickly. Well, and then I suspect we might be right back here, even though I love coming to this beautiful city, and I love having the opportunity to respond to you all. This is my first time before the Ninth Circuit. It just seems from a judicial efficiency standpoint that it's something that really shouldn't occur. I mean, the judge was correct. The issue of notice and the lack of notice of the lawsuit is dispositive of all the claim, because you never get to any other coverage issues. Thank you very much. Are you appealing from the denial of the summary judgment as well as from the default judgment? I was confused to begin with about why, after saying that Northwest is bound by the default judgment, he then went on and decided the summary judgment motion. That the district court decided the summary judgment motion? The district court addressed our summary judgment motion because of this reference to a third-party beneficiary theory, but that's a theory we don't need and we're not intending on pursuing. You're not appealing to denial of the summary judgment? We're not, no. Our prior counsel prepared that notice of motion or the notice of appeal and included that in there, but it's our position that the merits aren't before this court and need not be decided, because the district court has not ever ---- That does mean that when you go back to the district court, if you go back to the district court, you have a law of the case on the denial of the summary judgment on whatever grounds you ask for summary judgment. Well, I think if this court corrects the standing issue, that would give us the opportunity to go back and argue to the judge that because we have this independent right to standing, we have the ability to make our summary judgment arguments, notwithstanding the ---- But only with regard to the issues that were raised in the default judgment, not something else. And I'm sorry, in the declaratory judgment action to begin with. I mean, that's what the ruling was. That's what the ruling was. You can't go on summary judgment. You can't litigate on a third-party beneficiary. And I think that third-party beneficiary theory was just kind of an alternate theory that our prior counsel threw in there because of the standing issue. I'm not sure. I don't know what the theory was on that, but our prior counsel did make a separate argument in the summary judgment briefs that public policy prevents or I'm sorry, that public policy dictates that there be coverage in this case. They argued that Westchester's handling of Northwest claims was in violation of public policy. And the public policy here, although they didn't cite it in their summary judgment briefs, but the public policy is expressed in the Clark County Code, the compulsory insurance law, and while our prior counsel didn't cite the exact cases that I'm arguing here, it's just a few degrees left of center what the correct position is and what we think to be the dispositive issue on remand. So we would ask that the district court address these more precise issues if the case is remanded. Okay. Thank you very much. Thank you. Thank you both counsel for a useful argument again. And the case of Westchester Fire Insurance Company v. Northwest Airlines is submitted and we are in recess. All rise.
judges: Nelson D. W., Berzon, Clifton